UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOGAN CHRISTOPHER STOVER,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER SOTO; SERGEANT YEOMANS; CLEARWATER COUNTY JAIL; and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-00050-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Logan Christopher Stover's Complaint because of Plaintiff's former status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

When Plaintiff filed this action, he was a pretrial detainee held in the Clearwater County Jail. *Compl.*, Dkt. 2, at 2. Plaintiff has since been released from jail.

Plaintiff alleges that, in August 2025, Plaintiff "was experiencing significant pain and medical distress related to a medical condition." *Id.* Plaintiff does not identify this condition. Plaintiff asked for medical assistance. Because the jail does not maintain on-site medical personnel at night, Plaintiff asked Defendant Officer Soto to call an ambulance. Soto denied the request.

Thirty to forty-five minutes later, Plaintiff again asked Soto to order emergency medical assistance. Soto again refused and ordered Plaintiff to "bunk up." *Id.* Soto left but returned five

minutes later and removed Plaintiff from his cell. Another jail deputy, Sergeant Yeomans, joined to escort Plaintiff from his cell.

Plaintiff believed he was going to be taken to the hospital, but Soto told Plaintiff he was "going to the hole." *Id*. Plaintiff stopped walking and said, "If I am going anywhere besides my bed, it will be to an ambulance." Soto asked if Plaintiff was going to resist being escorted, to which Plaintiff replied, "I am not going to the hole." *Id*. at 3.

Soto and Yeomans then grabbed Plaintiff's arms and took him to the ground. Plaintiff states that he struck his head on the concrete floor and sustained leg and back injuries during this use of force. *Id*.

Plaintiff alleges that Soto and Clearwater County violated Plaintiff's right to adequate medical treatment. *Id*. at 3–4. Plaintiff also alleges that Soto's and Yeomans's actions in taking him to the floor violated his rights to be free from excessive force and from retaliation for exercising constitutional rights, and that Clearwater County is liable for the officers' use of excessive force. *Id*.

**3. Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight days to amend the Complaint. Any amended complaint should take into consideration the following.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's

affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id.* at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity such as Clearwater County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a

policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### *A. The Complaint Fails to State a Plausible Medical Treatment Claim*

Pretrial detainees have a due process right to adequate conditions of detention, including adequate medical treatment, while they are awaiting trial. A due process violation occurs when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

Although an objective standard must be used in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (en banc) (internal quotation marks omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence is not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Plaintiff does not identify his medical condition or any of his symptoms that Defendants allegedly ignored. As a result, the Complaint fails to raise a plausible inference that Plaintiff was at a substantial risk of harm from a serious medical need.

Nor does the Complaint plausibly suggest that any Defendant acted with objective deliberate indifference. The Complaint alleges, at most, that Defendants might have been negligent in failing to perceive that Plaintiff was at risk of harm, which does not violate the Constitution. *See id.* at 1071; *Daniels*, 474 U.S. at 332. Accordingly, the Complaint fails to state a plausible claim of inadequate medical treatment.

***B. The Complaint Fails to State a Plausible Excessive Force Claim***

Claims that a guard used excessive force against a pretrial detainee are also analyzed under the Fourteenth Amendment's Due Process Clause. Unlike convicted prisoners, who must establish that the defendant prison guard used "malicious and sadistic force," *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002), a pretrial detainee asserting an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable," *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

The following considerations "may bear on the reasonableness or unreasonableness of the force used": (1) the relationship between the need for force and the amount of force applied; (2) the extent of the detainee's injuries; (3) any effort made by the officer to limit the amount of force; (3) "the severity of the security problem at issue"; (4) "the threat reasonably perceived by the officer"; and (5) whether the detainee was "actively resisting." *Id.* at 397. The plaintiff need not show that the officers were subjectively aware that their use of force was unreasonable. *Id.* at 391–92.

Here, Plaintiff's only allegations are that Defendants used force after Plaintiff refused to follow their instructions. The Complaint does not contain any particular facts regarding the *Kingsley* factors that would enable the Court to draw a reasonable inference that Defendants used objectively unreasonable force against Plaintiff. That officers brought Plaintiff to the floor does not suggest that the use of force was excessive, and the Complaint does not plausibly allege that

Plaintiff's head hitting the floor was the result of anything other than negligence (at most) in the application of force. Therefore, the Complaint fails to state a colorable excessive force claim.

***C. The Complaint Fails to State a Plausible Retaliation Claim***

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: (1) "a state actor took some adverse action" against the inmate; (2) the defendant took the adverse action "because of" the inmate's exercise of protected conduct; (3) the action "chilled the inmate's exercise" of protected conduct; and (4) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Because a retaliatory motive on the part of a defendant is an element of a retaliation claim, a defendant who is merely negligent in engaging in an adverse action against an inmate is not liable under § 1983. Further, "bare allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison or jail official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal

quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

A plaintiff asserting a retaliation claim under § 1983 also "must show a causal connection between a defendant's retaliatory animus and [the plaintiff's] subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (*Bivens* action). Retaliatory motivation is not established simply by showing an adverse action by the defendant *after* protected speech. Instead, the plaintiff must show a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'"). Therefore, although the timing of an official's action can constitute circumstantial evidence of retaliation—if, for example, an adverse action was taken shortly after the official learned about an inmate's exercise of protected conduct—there generally must be something more than mere timing to support an inference of retaliatory intent. *Pratt*, 65 F.3d at 808.

The causal nexus requirement of a retaliation claim is a "but-for" causation test. If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim. *Hartman*, 547 U.S. at 260.

Finally, even if an inmate proves that his protected conduct was the cause of an adverse action by a jail official, the inmate's retaliation claim fails so long as that action also reasonably advanced a legitimate governmental interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The "plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806.

Plaintiff states that Defendants' actions were retaliatory but offers no allegations that he engaged in protected activity, that Defendants acted with a retaliatory motive, or that any other element of a retaliation claim is present in this case. Unless Plaintiff has such facts, he should omit his retaliation claims from any amended complaint.

***D. Claims Against Clearwater County***

Plaintiff's claims against Clearwater County are implausible for the additional reason that the Complaint contains no allegations plausibly suggesting that Soto's or Yeomans' actions were undertaken pursuant to a policy, custom, or practice on the part of the County. *See Monell*, 436 U.S. at 694. Plaintiff's bare accusation that the County "maintained polices or customs that permitted refusal of emergency medical care, punitive segregation for medical complaints, and excessive use of force" is overly vague and generalized. *Compl.* at 4.

Plaintiff may attempt to remedy this deficiency in an amended complaint.

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a due process or First Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, with respect to any claims against Clearwater County, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements, as explained above.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff does not amend within twenty-eight days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above.

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

DATED: August 20, 2026

Amanda K. Brailsford
U.S. District Court Judge